# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DENNIS JOHNSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: 2:16-cv-22

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently housed at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), submitted a Complaint in the above captioned action pursuant to 28 U.S.C. § 1331, Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 402 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq*. ("FTCA"). For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** this Complaint for failure to state a claim. Additionally, the Court should **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND**

Plaintiff contends that he sustained life-threatening head injuries on April 15, 2015, while performing duties as a commissary worker at the Federal Correctional Institution in Jesup, Georgia. (Doc. 1, pp. 4, 6.) Specifically, Plaintiff contends that Officer B. Thomas ordered Plaintiff to help Officer Sweat move an inoperable EZ-GO cart, which contained loose sheets of metal on its roof. (Id. at pp. 4–5.) Plaintiff claims that when he placed his left hand on the EZ-GO cart roof's rear support pole to balance himself, the sheets of metal slid off the roof and hit

his head. [1] (Id.) Plaintiff contends he required immediate surgery and sustained permanent nerve damage to his head and face. (Id. at p. 6.) Plaintiff further avers that he is permanently disfigured as a result of the incident. (Id.)

Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons on July 10, 2015, (doc. 1-6, p. 2), which was denied on January 9, 2016, (id. at p. 4).

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under Bivens and the FTCA. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

---

[1] Though Plaintiff avers that the sheet metal slid off the roof of the EZ-Go cart after he placed his hand on the cart to balance himself, he reported to the Bureau of Prisons Health Services that he "was walking past the [EZ-Go] and . . . ran into a piece of metal and scalped myself." (Doc. 1-3, p. 39.)

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.   Bivens Claim**

In <u>Bivens</u>, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights. <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001). A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.

Accordingly, the proper defendants in a <u>Bivens</u> claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. <u>FDIC v. Meyer</u>, 510 U.S. 471, 485–86 (1994). Here, Plaintiff named neither Officer B. Thomas nor Officer Sweat as defendants. Plaintiff has also not alleged that either officer violated his constitutional rights. Accordingly, to the extent Plaintiff has named the United States as the officers' employer, Plaintiff's claims against the United States cannot be sustained. In addition, absent a waiver, "sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" <u>Id.</u> at 475 (quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941) (alteration in original)). The United States has not consented to be sued under <u>Bivens</u>. Moreover, <u>Bivens</u> only applies to claims against federal officers in their individual capacities; it does not create a cause

of action for federal officers sued in their official capacities." Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Malesko, 534 U.S. at 69–71).

Here, Plaintiff has only sued the United States, and that Defendant is not subject to suit under Bivens. Consequently, the Court should **DISMISS** Plaintiff's Bivens claims in their entirety.

## II.     Federal Tort Claims Act Claims

Plaintiff also states that he is bringing his claims under the FTCA. The FTCA waives the federal government's sovereign immunity as to negligent or wrongful actions by its employees within the scope of their official duties, where a "private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the Eleventh Circuit has made clear that "constitutional claims are not cognizable under the FTCA's jurisdictional provision, and the United States is not liable for damages under the FTCA for suits arising out of constitutional violations." Treece v. Wilson, 212 F. App'x 948, 951 (11th Cir. 2007) (citing Meyer, 510 U.S. at 478; Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2005); and Williams v. United States, 242 F.3d 169, 175 (4th Cir. 2001)); see also Trupei v. United States, 239 F. App'x 489, 493–94 (11th Cir. 2007) (pro se prisoner's Eighth Amendment claim was not cognizable under the FTCA).

Moreover, Congress created a scheme to compensate inmates for injuries sustained in the course of their penal employment: the Inmate Accident Compensation Act ("IACA"). Cooleen v. Lamanna, No. 05-4751, 2007 WL 2687319, *4 (3d Cir. Sept. 14, 2007). By statute, the Federal Prison Industries Fund pays "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation

5

of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.301 (regulating such claims).

Significantly, federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy provided by section 4126, as there "is no indication of any congressional purpose to make . . . 18 U.S.C. § 4126 non-exclusive." United States v. Demko, 385 U.S. 149, 152 (1966). This principle has been uniformly applied. See Pickens v. Fed. Bureau of Prisons, 113 F.3d 1246 (10th Cir. 1997) (Table) (noting the magistrate judge properly found the IAC is an exclusive remedy); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (recognizing that 18 U.S.C. § 4126(c)(4) is a prisoner's exclusive remedy against the government for work-related injuries); Wooten v.. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) (explaining that section 4126 is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary and thus bars a prisoner's FTCA claim); Aston v. United States, 625 F.2d 1210, 1211 (5th Cir., Unit B 1980) (finding Demko made it clear that section 4126 is the sole remedy against the government where an inmate's injury is work-related and that the cause of the injury is irrelevant so long as the injury occurred while the inmate was on the job).

Plaintiff completed a "Standard Form 95," dated June 11, 2015, in which he sought $3.5 million dollars in damages due to injuries he received while employed as a commissary worker at FCI Jesup. In addition, the Inmate Injury Report indicates Plaintiff was disposing of daily commissary trash at the trash compactor when he assisted officers in moving the EZ Go cart and that his injuries were work-related. Plaintiff signed this Report, indicating his agreement that his injuries were work-related.[2] (Doc. 1-2, p. 2.) Further, in the Southeast Regional Office's

---

[2] Nevertheless, Plaintiff appears to contend in his administrative filings that he was not performing a work-related activity, stating that "although assigned as a [c]ommisary worker, I was instructed by

6

response to Plaintiff's Administrative Claim Number TRT-SER-2015-05119, Plaintiff was informed that his injuries were work-related and that the IACA procedures were his sole means of recovery for his injuries. (Doc. 1-6, p. 3.)

Because Plaintiff's injuries stemmed from a work-related accident, the IACA procedures provide his exclusive remedy. Accordingly, as Plaintiff failed to seek recovery under the IACA before filing the instant Complaint, the Court should **DISMISS** Plaintiff's FTCA claims.

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691

---

Officer B. Thomas to assist Officer Sweat, who was sitting on an inoperable EZ-Go cart and attempting to move the cart with his left foot[.]" (Doc. 1-1, p. 2.) Even if moving a stalled cart was not a task typically associated with his commissary duties, Plaintiff's injury qualifies as a "work-related injury" for purposes of the IACA. Traditionally, "[c]ourts have broadly construed [the term] 'work-related injury.'" Payton v. United States, No. 5:09-CT-3050, 2011 WL 3240487, at * 3 (E.D.N.C. July 28, 2011). "For example, the Fifth Circuit has applied the IACA to injuries that occur when individuals are traveling to lunch, provided the inmates have not completely left the work site." Id. (citing Wooten v. United States, 437 F.2d 79, 80 (5th Cir. 1971) (per curiam) (holding that an inmate suffered a work-related injury while traveling in a freight elevator while on his way to lunch and rejecting inmate's "narrow construction of the words 'activity directly related to the prisoner's work assignment' as limiting compensable injuries to those which occur at the work bench")). "The Sixth Circuit has held that an injury taking place during a trip to or from the job site, while on the clock, qualifies as a work-related injury." Id. (citing Baynes v. United States, 302 F. App'x. 334, 335–36 (6th Cir. 2008) (unpublished)). See also Payton, 2011 WL 3240487, at *3 (finding that Plaintiff's injuries were "work-related," *inter alia*, because the plaintiff's accident occurred in a work area). Similarly, here, Plaintiff's injury occurred near the dumpsters, an area where Plaintiff transported commissary trash pursuant to his duties as a commissary employee. Accordingly, for purposes of the IACA, Plaintiff's injury qualifies as a "work-related injury."

[3] A certificate of appealability is not required in this Bivens action.

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's cause of action for failure to state a claim and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** that any party seeking to object to this Report and Recommendation file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA