# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| DENNIS JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:16-cv-22 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

### ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dkt. no. 9, to which Plaintiff has filed Objections, dkt. no. 10. After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections and **DISMISSES** Plaintiff's action **WITH PREJUDICE**.

In the Report and Recommendation, Magistrate Judge Baker found that Plaintiff had not stated a claim under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 402 U.S. 388 (1971). Additionally, the Magistrate Judge concluded that because Plaintiff, an inmate, attempts to assert a tort claim for a work-related injury, the Inmate Accident Compensation Act, ("IACA"), provides Plaintiff's sole recourse. Thus, Plaintiff could not bring a claim under the Federal Tort Claims Act ("FTCA"). Dkt. No. 10.

Plaintiff only objects to the Magistrate Judge's construal of his claim as a Bivens claim in addition to a claim under the Federal Torts Claims Act ("FTCA"). Dkt. No. 10, p. 1. Plaintiff does not object to the Magistrate Judge's analyses of his FTCA claims and requests only that the Court dismiss his FTCA claims without prejudice so that he may properly exhaust his administrative remedies. (Id.)

Federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." Gooden v. United States, 627 F.3d 846, 847 (11th Cir.2010) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir.1990)). The purpose for looking beyond the label a *pro se* litigant attaches to a pleading is "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* [pleading]'s claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381-82 (2003) (citations omitted). Consequently, the Magistrate Judge did not err in assessing whether Plaintiff could assert a claim under Bivens. Therefore, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's Bivens analysis.

The Court also **OVERRULES** Plaintiff's Objection to the dismissal of his FTCA claims with prejudice. Plaintiff's contention that he may pursue his claims via a civil action after pursuing his administrative remedies is misplaced. Rather, as the Magistrate Judge explained, because Plaintiff's injuries stemmed from a work-related accident, the IACA procedures provide his exclusive remedy. Dkt. No. 9, p. 7; see also, Nunes v. United States, No. 3:14CV109/MCR/EMT, 2014 WL 6801826, at *2 (N.D. Fla. Dec. 2, 2014) ("District courts have no jurisdiction to entertain a tort claim under the FTCA when a prisoner is covered under the IACA.")

For these reasons, the Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court, and the Plaintiff's Objections are overruled. Plaintiff's Complaint is **DISMISSED** without prejudice, and the Court **DENIES** Plaintiff leave to proceed in forma pauperis on appeal. The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 12 day of September, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA